UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
MINGGUO CHO,                                           :
                                                       :
              Plaintiff                                 :
                                                       :
      - against -                                    :    11 Civ. 1658 (PAC) (MHD)
                                                       :
CITY OF NEW YORK,                                      :    ORDER ADOPTING R&R
DEPT. OF BUILDINGS,                                    :
                                                       :
              Defendants.                               :
------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 25, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 10, 2011, Plaintiff Mingguo Cho[1] ("Cho"), pro se, filed this action seeking damages for alleged violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law §§ 290, et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101, et seq. Cho claims that the City of New York and New York City Department of Buildings ("DOB"), (collectively, "Defendants"), discriminated against him on the basis of his age when they rejected his application for the position of Construction Inspector, even though he scored higher on the qualifying examination than the candidates who were hired for the position. Cho also claims that Defendants retaliated against him after he sought help from City Councilman John Liu to review his application.

On March 22, 2011, the Court referred this case to Magistrate Judge Michael H. Dolinger for general pretrial and dispositive motions. On November 14, 2011, Defendants moved for summary judgment, pursuant to Fed.R.Civ.P. 56. On July 25, 2012, Magistrate Judge Dolinger

---

[1] This Court is familiar with Mr. Cho. Mr. Cho previously claimed that President George W. Bush, various drug companies, doctors, government agencies and others conspired to prevent him, for reasons related to his lack of a medical degree, from sharing his efforts to cure diseases. The action was dismissed. Cho v. Bush, No. 07 Civ. 7722 (S.D.N.Y. Feb. 7, 2008.)

1

issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion in its entirety.  Cho filed timely objections to the R&R on August 9, 2012.

The Court has reviewed the R&R and Cho's objections.  For the reasons discussed below, the Court adopts the R&R and grants Defendants' motion for summary judgment.

## BACKGROUND[2]

### A. Facts

On March 2, 2007, Cho sat for the New York City civil service examination in order to apply for a position as a Construction Inspector.  He was then 59 years old.  At the time he took the examination, there were few vacant Inspector positions available.  As a result of the economic downturn in 2008, DOB suffered budgetary constraints, and instituted an external hiring freeze.  Thus, at the time Cho applied for the position, DOB was appointing only eligible candidates, rather than hiring external candidates for vacant DOB positions.

According to the Notice of Examination issued in December 2006 by the New York City Department of Citywide Administrative Services ("DCAS"), to be considered for the position of Construction Inspector, candidates must score at least 70 percent on the civil service examination, be able to understand and be understood in English, and have the required work and educational experience.  Required work experience included "[f]ive years of full-time, satisfactory experience working in the construction trades," or "[t]here years of full-time, satisfactory work experience [in the construction trades] . . . and two years of formal training or education in an acceptable construction program, given in a college, technical school or trade school."  (R&R at 3.)  No age requirement for the examination was specified.

After the examination was administered, DCAS published a list of eligible candidates for the position of Construction Inspector, ranked in order of their examination scores.  DCAS then

---

[2] Facts are taken from the R&R unless otherwise indicated.

provided DOB with a list of at least three candidates certified as eligible for each available position. DOB has discretion in hiring, but must follow certain limitations. Under one such limitation, the so-called "one-in-three" rule, DOB may not consider a candidate who has already been considered and not selected for employment three times.

On December 7, 2007, Cho received his examination score of 73.75. Shortly thereafter, on December 10, 2007, DCAS published a list of 47 certified candidates who were eligible for the Construction Inspector position. Candidates on the list were ranked in order of their examination scores, and Cho was ranked 28th. The list also indicated that 31 of the 47 eligible candidates were selected for the position by DOB. The list provided the birthdates of the appointed candidates and stated whether they were "underage" at the time their application was filed. Of the 31 candidates selected, five scored the same as Cho on the examination; five scored lower than Cho; and the remaining 21 had higher examination scores. Four candidates who scored higher than Cho were appointed to the position, despite being older than Cho.

Defendants continued to select candidates from this list until it expired on January 9, 2008. While the list was active, Cho was considered, but not selected, for the Construction Inspector position on three occasions. Pursuant to the "one-in-three" rule, Cho's name was then stricken from the list of eligible candidates.

On June 18, 2009, a DCAS employee informed Cho that he had not been selected for the Construction Inspector position. When Cho inquired as to why he was not hired, the DCAS employee stated that it was not necessary to provide Cho with a reason.

Cho then sent a letter to then- City Councilman John Liu regarding his rejected application for the Construction Inspector position. Cho did not inform Councilman Liu that he believed DOB's decision not to appoint him was motivated by discrimination. In response,

3

Councilman Liu stated that his office learned that Cho had been considered, but not selected, for the Construction Inspector position. Liu also instructed Cho to contact DOB and to request that his name be restored to the list of eligible candidates. Cho did so by letter on October 21, 2009, but received no response. Approximately seven months later, on May 14, 2010, Cho went to the DOB to inquire about the status of his request. He was told that he would not be appointed to the position of Construction Inspector.

On September 1, 2010, Cho, through counsel, filed an intake questionnaire with the Equal Employment Opportunity Commission ("EEOC"). His answers reflected Cho's intent to file a charge with the EEOC concerning the DOB's alleged discrimination based on race, age, national origin, and color. Cho also believed that the DOB had retaliated against him for engaging in protected activities. On the questionnaire, Cho indicated that he is Asian and of Taiwanese origin. The EEOC issued Cho a Notice of Right to Sue on December 17, 2010, and Cho timely filed this action on March 10, 2011.

At his deposition, Cho testified that age discrimination was the only "reasonable" basis to explain why the DOB did not hire him. (R&R at 10.) Cho also testified that age discrimination could have taken place because he specified the years of his college attendance and graduation on his application for the Construction Inspector position. In addition, Cho contends that an investigator at the New York City Commission on Human Rights ("CCHR") intimated that Defendants had discriminated against Cho on the basis of his age. Cho acknowledged that no one from the DOB or the City of New York ever suggested that Cho had been denied appointment to the Construction Inspector position based on his age. Nevertheless, he testified that his suspicion was reinforced because the DOB refused to explain why Cho was not appointed to the position. Cho further contends that the DOB's refusal to provide an explanation

4

supports his retaliation claim. He conceded that his personal conclusions regarding the alleged discrimination and retaliation were the sole foundation for his Complaint.

### B. Magistrate Judge Dolinger's R&R

On July 25, 2012, Magistrate Judge Dolinger issued an R&R recommending that the Court grant Defendants' motion for summary judgment in its entirety.

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir.1995).

Once the moving party has made an initial showing that no genuine issue of material fact remains, the nonmoving party may not refute this showing solely by means of "[c]onclusory allegations, conjecture, and speculation," Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (internal citations and quotations omitted), but must instead present specific admissible evidence in support of its contention that there is a genuine dispute as to material facts. Fed.R.Civ.P. 56(e). The Court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed.R.Civ.P. 56(c)). "[W]here the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id.

    1.  Statute of Limitations

Magistrate Judge Dolinger first addressed Defendants' argument that Cho's discrimination and retaliation claims under the ADEA are untimely. The ADEA requires that a plaintiff first file a charge with the EEOC and obtain a right-to-sue letter before filing an action in federal court. See Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). The administrative charge must be filed with the EEOC "within 300 days of the alleged discriminatory acts." See Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000); 29 U.S.C. § 626(d)(1)(B). "The filing deadlines for a charge of discrimination act as a 'statute of limitations' and a failure to timely file a charge acts as a bar to a plaintiff's action." Butts v. New York City Dep't of Hous. Preservation & Dev., No. 00 Civ. 6307, 2007 WL 259937, at *6 (S.D.N.Y. Jan. 29, 2007) (citation omitted). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). The 300-day deadline begins to run when each discriminatory act occurs. See id. at 113 (stating that "each discrete discriminatory act starts a new clock for filing charges alleging that act").

Magistrate Judge Dolinger found that Cho's claim for failure to hire arose, at the latest, on June 18, 2009, when a DCAS employee informed Cho that he was not being appointed to the Construction Inspector position. Cho then had 300 days, or until April 14, 2010, to file a charge with the EEOC. He filed his charge nearly five months later, on September 1, 2010. Cho did not allege any circumstances that warranted equitable tolling of the 300-day deadline. Accordingly,

Magistrate Judge Dolinger found that Cho's ADEA age-discrimination claim should be dismissed as time-barred.

With respect to his retaliation claim under the ADEA, Cho contends that he was retaliated against on May 14, 2010, when he went to the DOB to inquire about the status of his October 21, 2009 letter and was told that he would not be appointed to the Construction Inspector position. Since "each retaliatory adverse employment decision" triggers "a new clock for filing charges alleging that act," Morgan, 536 U.S. at 113-14, Magistrate Judge Dolinger found that Cho had 300 days from May 14, 2010, or until March 10, 2011, to file his EEOC charge. As Cho filed his EEOC charge on September 1, 2010, Magistrate Judge Dolinger found that Cho's retaliation claim under the ADEA was therefore timely.

2. Age Discrimination Claims under the NYSHRL and NYCHRL

Magistrate Judge Dolinger found that Cho failed to establish a *prima facie* case of age discrimination under either the NYSHRL or NYCHRL concerning Defendants' refusal to hire him for the position of Construction Inspector.

Discrimination claims brought under the NYSHRL and NYCHRL are analyzed under the same burden-shifting framework as those claims brought under the ADEA. See Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010) (per curiam). Under this framework, "a plaintiff must first establish a *prima facie* case of age discrimination." Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001). If a *prima facie* case of discrimination is shown, the burden shifts to the employer to offer a legitimate, nondiscriminatory business rationale for its actions. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). If the employer articulates such a rationale, plaintiff must then establish that the employer's reasons are merely pretextual, and that the adverse employment action was in fact due to age discrimination. See id.

7

To establish a *prima facie* case of age discrimination, a plaintiff must show: "(1) he is a member of the protected class; (2) he is qualified for his position; (3) he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination." Abdu-Brisson, 239 F.3d at 466-67.  A plaintiff must make a *de minimis* showing of these elements to defeat a motion for summary judgment.  See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203-204 (2d Cir. 1995).

Defendants assume for the sake of this motion that Cho satisfies the first three elements to make a *prima facie* showing.  As he was 59 years old at the time he took the civil service examination, Cho is a member of a protected class for purposes of the NYSHRL and NYCHRL.[3]  He was qualified for the position based on his examination score and ability to speak English, as well as his employment history.  See Herbert v. City of New York, 748 F. Supp. 2d 225, 237 (S.D.N.Y. 2010) (stating that to establish *prima facie* showing of qualification, a plaintiff must show only that he "possesses the basic skills necessary for performance of the job") (citation omitted).  He suffered adverse employment action when he was not hired as a Construction Inspector.  See Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) (stating that *prima facie* case of discrimination satisfied in part by showing that plaintiff "was denied the position").

As to the last element, however, Magistrate Judge Dolinger found that Cho failed to make a *prima facie* showing that the circumstances surrounding the DOB's refusal to hire him give rise to an inference of age discrimination.  Here, Cho relies on isolated conversations that he had with three unidentified individuals from the CCHR, DCAS, and DOB.  Cho testified that when he spoke with a CCHR investigator in 2008, the investigator insinuated that Cho had not been hired

---

[3] The employment protections of the NYHRL apply to all employees over age eighteen.  See N.Y. Exec. Law § 296(3-a)(a). By contrast, the employment protections of the NYCHRL have no age limitation.  See N.Y. City Admin. Code § 8-107(1).

because the DOB preferred to hire a younger candidate. Cho also testified that a DCAS employee told him that she was not required to provide a reason as to why Cho was not hired. Magistrate Judge Dolinger found that these unsupported, hearsay assertions did not support an inference of discriminatory intent. See Burke v. Gutierrez, No. 04 Civ. 7593, 2006 WL 89936, at *7 (S.D.N.Y. Jan. 12, 2006) ("[V]ague recollections of conversations in which third parties are alleged to have made admittedly unsubstantiated suggestions of discriminatory intent are insufficient to meet even the minimum burden imposed on a plaintiff in an employment discrimination case."). Cho also relies on his May 14, 2010 conversation with a DOB employee, who stated that Cho would not be appointed to the position of Construction Inspector. Magistrate Judge Dolinger found that this account contained no inference of age bias. Moreover, given that DOB appointed four candidates to the Construction Inspector position who were older than Cho, Magistrate Judge Dolinger found that there could be no legitimate inference of age discrimination. See Tarshis v. Riese Org., 195 F. Supp. 2d 518, 526 (S.D.N.Y. 2002). Accordingly, Magistrate Judge Dolinger recommended that the Court grant summary judgment for Defendants on Cho's NYSHRL and NYCHRL claims for age discrimination.

    3.   Retaliation Claims under ADEA, NYSHRL, and NYCHRL

Cho alleges that Defendants retaliated against him after he sought assistance from Councilman Liu regarding his application for the Construction Inspector position. At his deposition, Cho testified that he contacted Councilman Liu not to complain of age discrimination, but to seek the Councilman's help and "influence" in order to secure employment with DOB.

To establish a claim of retaliation under the ADEA or NYSHRL, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3)

an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Bucalo v. Shelter Island Union Free School Dist., No. 10 Civ. 1516, 2012 WL 3240382, at *7 (2d Cir. Aug. 10, 2012); Malena v. Victoria's Secret Direct, LLC, No. 09 Civ. 5849, 2012 WL 3542192, at *9 (S.D.N.Y. Aug. 16, 2012) (applying same elements to *prima facie* claim of retaliation under NYSHRL). The "protected activity" under this test must place the employer on notice "that the complainant believes that discrimination is occurring." See Penberg v. HealthBridge Management, 823 F. Supp. 2d 166, 191 (E.D.N.Y. 2011) (citation omitted).

Although a broader standard governs retaliation claims under the NYCHRL, see Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 723 (2d Cir. 2010) (stating that under the NYCHRL, "retaliation 'in any manner' is prohibited, and '[t]he retaliation need not result in an ultimate action with respect to employment . . . or in a materially adverse change in the terms and conditions of employment'" (quoting N.Y.C. Admin. Code § 8-107(7))), a plaintiff still must demonstrate a causal connection between a protected activity and allegedly adverse action by the employer. See Pilgrim v. McGraw-Hill Co., Inc., 599 F. Supp. 2d 462, 469 (S.D.N.Y. 2009).

Magistrate Judge Dolinger found that Cho failed to satisfy the first element, as the record does not show that his conversations with Councilman Liu were protected activity. Cho testified that he did not contact Councilman Liu to complain of any discrimination by Defendants. Rather, he sought the Councilman's "influence" with the DOB in order to obtain employment. These actions did not constitute "protected activity" under the state and federal civil rights laws, since these conversations did not alert DOB to any alleged discriminatory action against Cho.

Magistrate Judge Dolinger also found that even if there were evidence to show that Cho's communications with Councilman Liu were protected activity, Cho presents no evidence to show

10

a causal relationship between those communications and Defendants' refusal to hire him. Indeed, Cho testified that he first learned DOB refused to hire him on June 18, 2009, prior to ever speaking with Councilman Liu to enlist his assistance. It is therefore "legally and factually impossible for [DOB] to have retaliated against [Cho]." See Ford v. N.Y.C. Dep't of Health & Mental Hygiene, 545 F. Supp. 2d 377, 394-95 (S.D.N.Y. 2008) (dismissing retaliation claim where plaintiff complained to EEOC after her employer notified her that she was being discharged). Accordingly, Magistrate Judge Dolinger found that Defendants were entitled to summary judgment on Cho's retaliation claims under the ADEA, NYSHRL, and NYCHRL.

## DISCUSSION

### A. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions *de novo*. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections . . . the [c]ourt will review the Report strictly for clear error . . . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

### B. Cho's Objections

Cho submitted objections to the R&R on August 6, 2012. (Docket No. 28.) Cho first contends that Magistrate Judge Dolinger erred in finding that his age discrimination claim under

the ADEA is time barred.  Cho lists a chronology of events, relying on documents attached to his original Complaint.  He asserts that the 300-day limitations period should have run from May 14, 2010, when a DOB employee allegedly informed Cho that his case file had been closed, and that he would not be hired.

The statute of limitations for an employment discrimination claim "is to be measured from the date the claimant had notice of the alleged discriminatory action."  Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996); see also Heins v. Potter, 271 F. Supp. 2d 545, 553 (S.D.N.Y. 2003) ("The accrual date is not the date on which the wrong that injures the plaintiff occurs, but the date on which the plaintiff discovers that he or she has been injured."). Unlike in the hostile work environment context, failure to hire constitutes a "discrete act[]" of discrimination which does not involve a "continuing violation."  See Morgan, 536 U.S. at 114.

Contrary to Cho's argument, his alleged May 14, 2010 conversation does not reset the 300-day clock for purposes of filing his EEOC charge.  Cho concedes that he first learned that he would not be hired for the Construction Inspector position when he spoke with a DCAS employee on June 18, 2009.  He presents no evidence to show that DOC reconsidered him for employment after that point; indeed the list of qualified candidates expired on January 9, 2008. Cho also renews his argument for equitable tolling on the basis that he "was unaware of a deadline because of misleading conduct."  (Dkt. No. 28 at 3.)  Magistrate Judge Dolinger considered this argument and properly rejected it.  See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (stating that plaintiff has burden of showing "extraordinary" circumstances to justify equitable tolling, and that conclusory allegations "are insufficient to justify any further inquiry into tolling").  Accordingly, Cho's objection is without merit, and his discrimination claim under the ADEA is dismissed as time-barred.

Cho's remaining objections seek to present new facts and are therefore improper. See Feehan v. Feehan, No. 09 Civ. 7016, 2011 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010) ("[I]t is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation, when Parties had an opportunity to fully brief their Cross-Motions before the Magistrate."). Regardless, to the extent that Cho cites evidence to show that he has made a *prima facie* case of age discrimination, Cho relies on his own conclusory statements and inadmissible hearsay. Such evidence cannot defeat a motion for summary judgment. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985); Fed.R.Civ.P. 56. Cho's objections are therefore without merit.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Defendants' motion for summary judgment is granted. Cho's Complaint is therefore dismissed. The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York
September 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge